```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

UNITED STATES OF AMERICA,

       Plaintiff,

   vs.

                                                   No.18-20279-MSN-dkv

DWAYNE TULLOUS,

       Defendant.
_____

   REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS
_____

On August 30, 2018, the grand jury returned a five-count indictment charging the defendant, Dwayne Tullous ("Tullous"), with (1) unlawfully, knowingly, and intentionally conspiring and agreeing with other persons, both known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally distribute and possess with the intent to distribute oxycodone, classified by 21 U.S.C. § 812 as a Schedule II controlled substance, all in violation of 21 U.S.C. § 846; (2) knowingly and intentionally possessing with the intent to distribute oxycodone, a Schedule II controlled substance as classified by 21 U.S.C. § 812, in violation of 21 U.S.C. § 841(a)(1); (3) knowingly and intentionally possessing with the intent to distribute a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1); (4) knowingly and intentionally possessing with the

intent to distribute morphine, a Schedule II controlled substance as classified by 21 U.S.C. § 812, in violation of 21 U.S.C. § 841(a)(1); and (5) knowingly and intentionally possessing with the intent to distribute forty grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance as classified by 21 U.S.C. § 812, in violation of 21 U.S.C. § 841(a)(1).  (Indictment, ECF No. 4.)

Now before the court is Tullous's May 22, 2019 motion to suppress, in which he seeks an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to suppress evidence recovered "from the search of the parcel seized by law enforcement pursuant to [a] warrant executed on July 30, 2018." (Def.'s Mot. 1, ECF No. 67.)  The government filed a response on June 19, 2019.  (Gov't's Resp., ECF No. 77.)  The motion was referred to the United States Magistrate Judge for a report and recommendation.  (Order, ECF No. 68.)

After careful consideration, the court submits the following findings of fact and conclusions of law and recommends that the motion to suppress be denied.

I.PROPOSED FINDINGS OF FACT

On July 30, 2019, the Shelby County Sheriff's Office (the "Sheriff's Office") responded to an emergency call regarding the death of an individual due to an overdose. The decedent's girlfriend informed the Sheriff's Office that her supplier of heroin and fentanyl lived at 8952 Vorlich Cv. Cordova, TN 38016, where he received drug shipments.

The Sheriff's Office contacted United States Postal Inspector Robert Weeks ("Inspector Weeks") to review the shipping history for 8952 Vorlich Cv. Cordova, TN 38016. Inspector Weeks found that thirty-seven parcels of similar weight and size had been sent to the address in question over the past year from San Bernardino, CA. Additionally, Inspector Weeks discovered that a similar parcel was currently waiting to be delivered to "D. Turner" at 8952 Vorlich Cv. Cordova, TN 38016 with a return address of 14843 Cerezo Rd. Victorville, CA 92392.

After confirming that "D. Turner" was not an individual associated with the recipient's address, Inspector Weeks requested the assistance of a narcotics-detecting canine, named "Anka," to investigate the parcel. Anka "alerted" to the parcel, meaning she indicated to her handler that she detected an odor of illegal narcotics. Inspector Weeks then applied for and obtained a search warrant for the parcel. The search of the parcel revealed five hundred oxycodone tablets.

II. PROPOSED CONCLUSIONS OF LAW

Tullous moves to suppress all evidence collected as a result of the search on July 30, 2018 on the basis that the underlying search warrant was invalid because the search warrant, on its face, did not contain sufficient information to establish probable cause and the affiant knowingly and intentionally included false information that was necessary to the finding of probable cause. (Def.'s Mot. 5-6; ECF No. 67.) Specifically, Tullous asserts that Anka was "not certified to alert to legal pharmaceutical drugs," such as those recovered from the parcel at issue, and therefore was not qualified to alert to the contents of the parcel. (*Id.* at 3, 5-6.) To support his argument, Tullous attached Anka's certifications to his motion, which show that Anka is certified to alert to the presence of marijuana, cocaine, heroin, and methamphetamine. (Ex. 1, ECF No. 67-1.)

In response, the government asserts that Tullous has failed to make the necessary preliminary showing that the search warrant affidavit at issue contained a false statement. (Gov't's Resp. 4, ECF No. 77.) Further, the government argues that Inspector Weeks did not make a knowingly false statement or withhold evidence that would negate probable cause because he included accurate information regarding Anka's behavior in his affidavit. (*Id.* 3-5.) To support its argument, the government attached a copy of Inspector Weeks's warrant affidavit. (Ex. 1, ECF No. 77-

4

1.)

A. Entitlement to a *Franks* Hearing

As a general rule, a court's role in reviewing the validity of a search warrant is limited to reviewing the sufficiency of the affidavit that was before the issuing judge. The Supreme Court has held on numerous occasions that hearings are impermissible when the defendant challenges the sufficiency of the search warrant affidavits. In *Aguillar v. Texas*, 378 U.S. 108, 109 (1968), the Court noted "[i]t is elementary that in passing on the validity of a warrant, the reviewing court may consider only information brought to the magistrate's [the issuing judge's] attention." There is, however, an exception to this general rule created by *Franks*, 438 U.S. at 154. In *Franks*, the Supreme Court held that a court may have a hearing in which it considers evidence that was not before the issuing judge if the defendant can show that the affiant made a false statement or recklessly disregarded the truth in his affidavit. *Id.* at 155-56. However, before such a hearing, the defendant must first make a substantial preliminary showing that a false statement, which was necessary to the finding of probable cause, was knowingly or recklessly included by the affiant in the warrant affidavit. *Id.; United States v. Elkins*, 300 F.3d 638, 649-41 (6th Cir. 2002).

Here, Tullous has failed to make the required preliminary

showing that Inspector Weeks deliberately or recklessly included false information in his search warrant affidavit such as would permit this court to hold a *Franks* hearing.  In essence, Tullous argues that because the search revealed a substance that Anka is not trained to detect, Inspector Weeks's claim in his affidavit that the dog alerted at all is a "deliberate and recklessly false statement."  (*Id.* at 5.)  This does not establish that at the time the magistrate judge reviewed the search warrant application Inspector Weeks knowingly or recklessly included false information in his affidavit.  Tullous has not pointed to anything that suggests that Inspector Weeks had any reason to doubt that Anka had positively alerted to the presence of narcotics in the parcel.  In his affidavit, Inspector Weeks stated that Detective John Tremmel, Anka's trainer, advised Inspector Weeks that Anka "alerted to the Subject Parcel," that Anka had made prior positive identifications leading to the narcotics-related arrests, and that Anka was certified to detect narcotics by the National Narcotics Dog Association in 2017. (Ex. ¶ 6, ECF No. 77-1.)  Inspector Weeks did not claim to know specifically what substances the package contained, nor was he required to make such an assumption; he merely relayed his observations, which included Detective Tremmel's statements regarding Anka's alert.

To the extent that Tullous is attempting to argue that

6

Inspector Weeks's failure to inform the magistrate judge that Anka was not trained to detect legal pharmaceutical drugs equates to a reckless omission on its face, it is not well taken. (Def.'s Mot. 5, ECF No. 67.) The Sixth Circuit has explicitly stated that "[i]t is not required that the affidavit explain the dog's training history. . . . The investigating officers do not have to describe in their affidavit the particulars of the dog's training." *United States v. Cook*, 1990 WL 70703, at *5 (6th Cir. 1990). As Tullous concedes in his motion, "Inspector Weeks indicated in his application for the search warrant that the canine "Anka" was certified and trained by the National Narcotics Detector Dog Association to detect illegal narcotics or illegal narcotics proceeds." (Def.'s Mot. 3, ECF No. 67.) Accordingly, Inspector Weeks provided more than adequate information regarding Anka's training to establish that she was a certified narcotics-detection canine.

Tullous has failed to make a substantial preliminary showing that Inspector Weeks provided false or misleading information in his search warrant affidavit. As the Sixth Circuit has stated, "[a] dog sniff indicating the presence of controlled substances is per se probable cause for a search warrant." *United States v. Cook*, 1990 WL 70703, at *5 (6th Cir. 1990). Thus, the information on the face of the affidavit was sufficient to establish probable cause. Therefore, the court concludes that

7

...

Tullous is not entitled to a *Franks* evidentiary hearing.

B. <u>Good-Faith Exception</u>

Even though Anka was not certified to detect the presence of legal pharmaceutical drugs, the evidence and items seized are admissible pursuant to the good-faith exception set forth in *United States v. Leon*, 468 U.S. 897 (1984). Under *Leon*, the Fourth Amendment exclusionary rule does not apply to suppress evidence obtained by officers acting in reasonable reliance on a search warrant issued by a neutral and detached magistrate that is later deemed invalid. *Id.* at 922. Suppression is still appropriate, however, if (1) the magistrate was misled by information in the affidavit that the affiant knew to be false or would have known to be false except for the affiant's reckless disregard for the truth; (2) the magistrate judge is not neutral or detached; (3) the affidavit is so devoid of facts suggesting probable cause making any belief that probable cause exists completely unreasonable; or (4) the warrant is so facially deficient that officers cannot reasonably presume it to be valid. *Id.* at 923; *United States v. Czuprynski*, 46 F.3d 560, 563–64 (6th Cir. 1995).

As discussed above, Tullous has failed to make a substantial preliminary showing that a false statement, which was necessary to the finding of probable cause, was knowingly or recklessly included by the affiant in the warrant affidavit. Nor has

8

Tullous has presented any evidence that U.S. Magistrate Judge Tu M. Pham failed to act in a neutral or detached fashion. Because "[a] dog sniff indicating the presence of controlled substances is per se probable cause for a search warrant," and Inspector Weeks indicated in his affidavit that Anka alerted to the presence of controlled substances in the parcel at issue, the affidavit contained sufficient facts to establish probable cause for a search warrant. *Cook*, 1990 WL 70703, at *5. Finally, beyond his argument that the information regarding Anka's alert was falsified, Tullous has not presented any information that suggests that the search warrant was so facially deficient that the officers executing the warrant should have assumed it was invalid.

## I. CONCLUSION

For the reasons expressed above, it is recommended that Tullous's motion to suppress be denied.

Respectfully submitted this 25th day of July, 2019.

<u>s/Diane K. Vescovo</u>
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

## NOTICE

Any objections or exceptions to this report must be filed within fourteen (14) days after being served with a copy of the report. 28 U.S.C. § 636(b)(1)(C). Failure to file them within fourteen (14) days may constitute a waiver of objections, exceptions, and any further appeal. Any party objecting to this report must make arrangements for a transcript of the hearing to be prepared.