# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                No. 18-cr-20279-MSN-1

Dwayne Tullous,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Chief Magistrate Judge Diane Vescovo's Report and Recommendation submitted July 25, 2019 ("Report"). (ECF No. 78.) The Report recommends that the Court deny Defendant Dwayne Tullous's Motion to Suppress filed on May 22, 2019. (ECF No. 78.) Defendant filed his Objection to the Report on August 6, 2019. (ECF No. 83.) The Government filed its Response to Defendant's Objection on August 19, 2019. (ECF No. 85.) For the reasons set forth below, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation and **DENIES** Defendant's Motion to Suppress.

## BACKGROUND

Defendant is indicted on charges of (1) unlawfully, knowingly, and intentionally conspiring and agreeing with other persons, both known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally distribute and possess with the intent to distribute oxycodone, classified by 21 U.S.C. § 812 as a Schedule II controlled substance, all in violation of 21 U.S.C. § 846; (2) knowingly and intentionally possessing with the intent to distribute oxycodone, a Schedule II controlled substance as classified by 21 U.S.C. § 812, in violation of 21 U.S.C. §

841(a)(1); (3) knowingly and intentionally possessing with the intent to distribute a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1); (4) knowingly and intentionally possessing with the intent to distribute morphine, a Schedule II controlled substance as classified by 21 U.S.C. § 812, in violation of 21 U.S.C. § 841(a)(1); and (5) knowingly and intentionally possessing with the intent to distribute forty grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance as classified by 21 U.S.C. § 812, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 78 PageID 192–93.)

On July 30, 2018, Deputies from Shelby County Sheriff's Office contacted United States Postal Inspector Robert A. Weeks ("Inspector Weeks") to review the shipping history for 8952 Vorlich Cove, Cordova, TN 38016. (ECF No. 77-1 PageID 187). In his investigation, Inspector Weeks retrieved a parcel destined for the above address and requested the assistance of a narcotics-detecting canine to further inspect the subject parcel. (*Id.* at PageID 188.) Shelby County Narcotics Detective and canine handler John Tremmel and canine "Anka" conducted an exterior examination of the parcel. (*Id.*) Anka "alerted" to the parcel, indicating the odor of illegal narcotics were extant upon presentation. (*Id.* at PageID 189.) Anka was certified to detect narcotics by the National Narcotics Dog Association on September 28, 2017. (*Id.*) Anka is certified to detect marijuana, cocaine, heroin, and methamphetamine. (ECF No. 67-1 PageID 125.) Inspector Weeks then applied for and obtained a search warrant for the parcel; the search of the parcel revealed five hundred oxycodone tablets. (ECF No. 78 PageID 194.)

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989));

2

*see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the Report and Recommendation. *Id.* When an objection reiterates the arguments presented to the Magistrate Judge, the Report and Recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

### A.    Factual Findings

Defendant objects to two of the Chief Magistrate Judge's findings of fact.  First, Defendant objects to the finding that the decedent's girlfriend informed the Sheriff's Office that her supplier of heroin and fentanyl lived at 8952 Vorlich Cove, Cordova, TN 38016, where he received drug shipments. (ECF No. 83 PageID 205.)  Instead, Defendant avers the girlfriend stated she and the decedent were heroin and fentanyl addicts and that their supplier lived at 8952 Vorlich Cove. Cordova, TN 38016.  (*Id.* at PageID 205–06.)  It is unclear to the Court whether Defendant intended to highlight issues regarding the girlfriend's credibility or simply object to the Report's minor typographical deviation from Inspector Weeks's affidavit.  Nevertheless, the Court finds whether the girlfriend and decedent were heroin and fentanyl addicts to be immaterial to legal issues raised in the Motion to Suppress and analyzed in the Report.  Thus, this objection is **OVERRULED**.

Second, Defendant objects to the Chief Magistrate Judge's finding that Anka "alerted" to the parcel, meaning she indicated to her handler that she detected on odor of illegal narcotics, because the affidavit in support of the search warrant never stated the package contained illegal narcotics. (*Id.* at PageID 206.)  The Court disagrees with Defendant's assertion that the Report mischaracterizes the fact that Anka was trained to alert to the presence of illegal narcotics and alerted to the parcel at issue.  Defendant's objection implies the Report provides the parcel contained illegal narcotics.  However, this is simply not true.

Accordingly, Defendant's objections to Chief Magistrate Judge Vescovo's proposed findings of fact are **OVERRULED**.

**B.     Conclusions of Law**

Defendant objects to Chief Magistrate Judge Vescovo's conclusions of law that he is not entitled to an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1983). (*Id.*) Defendant avers Inspector Weeks's failure to tender to the magistrate judge all the information necessary to establish Anka was not properly trained or certified to detect pharmaceutical drugs amounts to a reckless omission of material fact. (*Id.* at PageID 207.) Using the same reasoning, Defendant also objects to Chief Magistrate Judge Vescovo's conclusion of law that the evidence and items seized are admissible pursuant to the good-faith exception set forth in *United States v. Leon*, 468 U.S. 897 (1984). (*Id.* at PageID 209.)

The Court finds Defendant's objections to Chief Magistrate Judge Vescovo's conclusions of law echo the arguments he made in his initial Motion to Suppress. *Dolgencorp,* 277 F. Supp. 3d at 965. Here, the Court finds no clear error in the Chief Magistrate Judge's reasoning that Anka's alert to the presence of narcotics and information on the face of Inspector Weeks's affidavit was enough to find probable case. The Report accurately cites to *United States v. Cook*, 1990 WL 70703 (6th Cir. 1990) for the proposition that an affiant need not explain the particulars of a drug dog's training and that "[a] dog sniff indicating the presence of controlled substances is per se probable cause for a search warrant." *Cook*, at *5. As such, Defendant's objections to Chief Magistrate Judge Vescovo's proposed conclusions of law are **OVERRULED**.

## CONCLUSION

For the foregoing reasons, Defendant's objections are **OVERRULED**, and the Report and Recommendation (ECF No. 78) is **ADOPTED**. Accordingly, Defendant's Motion to Suppress (ECF No. 67) is hereby **DENIED**.

**IT IS SO ORDERED**, this 13th day of September, 2019.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE